## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**DENISE DODSON,**

**Defendant.**                                        **No. 14-30066-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court in this closed criminal case is Dodson's June 21, 2016 motion for reconsideration of sentence in light of *Johnson v. United States*, (Doc. 72).   Based on the following, the Court dismisses for want of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996).   The following post-judgment motions are allowed if timely filed.   Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands.   Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty

and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty.   Lastly, a collateral attack under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, Dodson does not cite any case law or statute that would allow the Court to consider this motion.   Moreover, Rule 35 is inapplicable because this motion is brought by the defendant *pro se* over 8 months after the sentencing (October 9, 2015) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error.   Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons.   Therefore, the only other possible procedural avenue that Dodson could bring this motion is a § 2255 collateral attack, which is a civil proceeding.   *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).   After reviewing the pleadings, it is unclear to the Court that Dodson intends to pursue a collateral attack.[1]   Because the Court finds that Dodson's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Assuming *arguendo* that the Court did have jurisdiction to consider this motion, the Court would not be able to grant the motion.   *Johnson* struck down

---

[1] In the event that Dodson wishes to file a 28 U.S.C. § 2255 motion, Dodson should consult the Federal Rule of Civil Procedure, Rules Governing Section 2255 Proceedings For The United States District Courts, and the Local Rules of this Court.

the Armed Career Criminal Act's residual clause as constitutionally vague.[2]   Thus,

for Dodson to be entitled to relief under *Johnson*, she had to be sentenced as an

"Armed Career Criminal." Dodson was neither sentenced as an "Armed Career

Criminal" nor as a "Career Offender."   Thus, *Johnson* does not apply to her case

and she would not be entitled to relief.

Accordingly, the Court **DISMISSES for want of jurisdiction** Dodson's

motion for reconsideration of sentence (Doc. 72).

**IT IS SO ORDERED.**

Signed this 22nd day of June, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.06.22
11:48:24 -05'00'

**United States District Court**

---

2 In *Johnson v. United States,* _U.S._, 135 S. Ct. 2551, 2557 (Jun. 26, 2015), the Supreme Court held that, relative to the ACCA, imposition of an enhanced sentence under the residual clause violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.*, 135 S. Ct. at 2557.